**NOT FOR PUBLICATION**

```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
                                       :
KAMAL K. ROY,                          :   CIVIL ACTION NO. 07-5759 (MLC)
                                       :
     Plaintiff,                        :       MEMORANDUM OPINION
                                       :
     v.                                :
                                       :
"USA", et al.,                         :
                                       :
     Defendants.                       :
_____   :
```

**THE PLAINTIFF** — Kamal K. Roy, a/k/a Kamal Karna Roy — who is pro se, applying for in-forma-pauperis relief under 28 U.S.C. § 1915 ("Application") (dkt. entry no. 2, Application); but the Court finding that the Application, which is approximately sixty pages long, and the Complaint, which is approximately fifty pages long, are comprised of (1) seemingly random attachments, some of which seem to refer to previous federal actions brought by Roy, and (2) scribbling that is "illegible or incomprehensible", Scibelli v. Lebanon County, 219 Fed.Appx. 221, 222 (3d Cir. 2007) (dismissing appeal from order dismissing pro se complaint); see Eisenstein v. Ebsworth, 148 Fed.Appx. 75, 77 (3d Cir. 2005) (affirming order dismissing complaint for, inter alia, violating Federal Rule of Civil Procedure 8, as the "complaint was incomprehensible");[1] and it appearing that the Application and

---

[1] When reviewing a pro se complaint, this Court generally presents the allegations in a memorandum opinion. That is not possible here, as the allegations are indiscernible. The Court also is using the caption imposed by the Clerk's Office, as Roy's caption is indiscernible.

the Complaint do not contain (1) short and plain statements showing that the Court has jurisdiction and that Roy is entitled to relief, and (2) allegations that are simple, concise, direct, and set forth in an organized fashion, see Fed.R.Civ.P. 8(a)(1)-(2), 8(d)(1), 10(a), 10(b); and the Complaint failing to give "fair notice of what the plaintiff's claim is and the grounds upon which it rests", Conley v. Gibson, 355 U.S. 41, 47 (1957); and it appearing that the Court may (1) review a complaint, and (2) dismiss it sua sponte if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, see 28 U.S.C. § 1915(e)(2)(B); and

**IT APPEARING** that this is not the first time that a federal court has found Roy's pleadings to be deficient, see, e.g., Roy v. United States, 238 Fed.Appx. 908, 908-09 (3d Cir. 2007) (dismissing appeal from judgment dismissing complaint that was "baseless" and comprised of "excerpts of his previous lawsuits"); Jungle Democracy v. USA Gov't, 206 Fed.Appx. 756, 756-57 (10th Cir. 2006) (dismissing "unintelligible" appeal from judgment dismissing complaint containing over 100 pages "of rambling discourse" and "numerous illegible handwritten remarks"); Jungle Democracy v. United States, No. 06-503, 2006 WL 2616213, at *1-*2 (D.Del. Sept. 12, 2006) (dismissing "complaint that is a rambling discourse and is virtually unintelligible", and noting (1)

"complaint appears to be a 'cut and paste' of other lawsuits filed by Roy and it contains many handwritten, scribbled notes in its margins", (2) "Roy is no stranger to litigation and has filed numerous lawsuits throughout the United States and its territories", and (3) many of the federal actions brought by Roy); Jungle Democracy v. Bush, No. 06-505, 2006 WL 358654, at *1 (E.D. Pa. Feb. 14, 2006) (dismissing complaint for lacking a "cognizable claim or even an intelligible sentence within its text");[2] and

**THE COURT** intending to deny the Application, as it fails to demonstrate entitlement to relief; and it further appearing that the Complaint is frivolous and fails to state a claim on which relief may be granted; and the Court also intending to direct the Clerk of the Court (1) not to file the Complaint, and (2) to designate the action as closed; and for good cause appearing, the Court will issue an appropriate Order and Judgment.

        s/ Mary L. Cooper
        **MARY L. COOPER**
        United States District Judge

Dated: March 11, 2009

---

[2] The Court's own research on Westlaw reveals that Roy has brought at least twenty separate federal actions. The Court will address another action brought in this Court by Roy under Civil Action No. 08-619 (MLC) separately.